# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**ARQUINCY LEE CARR,**

      **Plaintiff,**

      **v.**                                             **Case No. 10-C-1017**

**SHERIFF DAVID BETH,**
**JON GIONNINI, NICOLE CHENEY,STEVE RAE,**
**OFFICER BRUCE, Kenosha County Jail Correctional Officer,**
**DIANE WORKMON, CORPORAL SCHROEDER,**
**OFFICER DWAYNE, Kenosha County Jail Correctional Officer,**
**CORPORAL THOMAS CARRIAO,**
**and OFFICER MAY, Kenosha County Jail Correctional Officer,**

      **Defendants.**

---

## ORDER

---

The plaintiff, who is currently incarcerated at the Kenosha County Detention Center, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis. The plaintiff has paid an initial partial filing fee of $5.50. See 28 U.S.C. § 1915(b)(1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson

ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be

supported by factual allegations.  Id.  If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law.  Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The plaintiff was detained at the Kenosha County Jail at all times relevant.  According to the complaint, on October 27, 2010, defendant Officer Nicole Cheney asked the plaintiff if he wanted to shower, and he responded yes.  The plaintiff was advised to take off his shirt and he happily complied.  He was cuffed in front of his body, the door opened, and a restraint was wrapped around his mid-section, and cuffed in the back.  The plaintiff had never been in this contraption to take a shower.  He was placed in the shower, decided not to take one, and then changed his mind and proceeded to shower.  It was hard for him to wash himself and to reach the soap dish.  The plaintiff fell while in the shower and hurt his arm and shoulder.  Upon getting up, debris, soap, and soap wrappers covered the shower drain, causing the shower to flood, unintentionally, and the plaintiff did not care if it did anyway because that would be their problem.  Defendant Officer Cheney came back, was informed that the shower was flooding , that the plaintiff's shoulder and arm were hurt,

and that he could not shut off water. She said to leave it on and as the plaintiff walked to get a towel to dry off, water was exiting from the shower.

Officer Dwayne came to the shower and stared to lecture the plaintiff, the plaintiff told him to shut the shower off, because Officer Cheney told him to leave it on. Officer Dwayne then yanked the plaintiff by the arm in an aggressive manner, whereas the momentum would have caused him to fall since there is no rubber mat or grip strips. The plaintiff relented and was taken out of the shower nude in front of Officer Cheney, Officer Vickie, and a male officer. He was led to his room and pushed into the corner until his door was opened. He grabbed his pen to write a grievance without the officers being aware. The plaintiff asked Officer Cheney if she could leave restraints on until he was in the cell and she said yes, but the male officer who was twisting the plaintiff's arm said no, at which point she pulled on the back of the restraint and kicked the plaintiff in the leg, causing tremendous pain, as the male officer applied pressure to the plaintiff's arm as he twisted it. The plaintiff advised them to stop, they refused, his only defense was to lunge at Officer Cheney and try to break arm free from the male officer, who refused so the plaintiff had to use his body to try to get the male off balance. The male officer would not the plaintiff go. He said, "spray" and Officer Cheney sprayed him with OC as the male let go, the plaintiff went into cell and began washing his face and eyes. He was blinded, his eyes and face were burning, and he was choking and gagging. Water flooded his cell as he was trying to revive himself. Two corporals came to the plaintiff's cell with Officer Potter. They gave the plaintiff an exchange of towels, removed the restraints, and left. At a hearing, Corporal Carriao found the plaintiff not guilty of use of force against staff.

The plaintiff alleges that on October 27, 2010, he requested six request forms, six grievances, Officer May said, "one form a piece," and the plaintiff said never mind. The officer then demanded

the plaintiff give him the pen, saying his hour was up. The plaintiff still had to fill out a commissary form and asked to hold onto the pen. Officer May asked if he was going to give him the pen and the plaintiff said, "I'll think about it." Officer May left and returned about five minutes later and the plaintiff kicked the pen under the door. May got angry and the plaintiff ignored him, May opened the plaintiff's meal slot, pointed OC spray at him, and demanded his sheet and blanket. The plaintiff threw everything at the door, May told him to turn around, the plaintiff refused and then May left and returned with Corporal Honey, Officer Rae, Officer Grey, and Officer Witch, among others. The plaintiff was advised to put his hands out and as he complied, May roughly pulled on his hands, causing his arms to rub against the top of the slot. The plaintiff informed him, but May did not stop. The plaintiff withdrew his arms back in, and May tried to open door and the plaintiff kept closing it with the slot open. An officer slammed the slot door on the plaintiff's finger, causing him a minor cut, pain, yet stunned him enough for Officer Rae to spray him with O.C. spray. The spray did not affect the plaintiff that much and he was almost sprayed again before surrendering. As he was roughly cuffed and taken from the cell, May kept trying to trip him as Honey held him against the wall. The plaintiff was shackled, slung in the opposite wall with his arms twisted and advised by Honey to stop resisting or he would be taken down. The plaintiff was not resisting. He was placed in a restraint chair, his head was yanked back by Honey in such a fashion that the plaintiff heard and felt a pop in his neck. He was taken to a sally port where May sprayed him in the face with a hose to the point where he could not breathe and as he turned to catch air May followed with the hose to suffocate him. The plaintiff was then placed in a padded room in chair and urinated on himself after being denied bathroom. Honey allowed him to go back to his cell after about three hours where he received a shower, change of clothes, and change of bedding.

5

The plaintiff alleges that he was assaulted at RCJ and feels afraid for his person when threatened or intimidated by staff. He suffers from many cuts and bruises based on all of the assaults he has encountered. He suffers from depression and anxiety, and does not need to endure these acts of harm to his person or mental state, which is very fragile at this time.

The plaintiff claims that the defendants, through the above-described allegations, have taken actions to "punish" him and that such actions are barred since is a pretrial detainee. He seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

Because he is a pretrial detainee, the plaintiff's excessive force claim arises under the Fourteenth Amendment. Forrest v. Prine, 620 F.3d 739, 743-44 (7th Cir. 2010) (citations omitted). The right to due process under the Fourteenth Amendment "provides at least as much, and probably more, protection against punishment as does the Eighth Amendment's ban on cruel and unusual punishment." Id. at 744 (citing Lewis v. Downey, 581 F.3d 467, 475 (7th Cir.2009)). However, absent explanation how any protections guaranteed by the Fourteenth Amendment provide more protection than a pretrial detainee would receive under traditional Eighth Amendment standards, the court borrows Eighth Amendment standards to analyze such claims. Id. (citing Lewis, 581 F.3d at 475).

"The unnecessary and wanton infliction of pain on a prisoner violates his rights under the Eighth Amendment." Id. (quoting Lewis, 581 F.3d at 475) (internal quotation omitted). Force used in "a good-faith effort to maintain or restore discipline," does not rise to the level of being unnecessary and wanton. Hudson v. McMillian, 503 U.S. 1, 7 (1992). Only force intended "maliciously and sadistically to cause harm" to the prisoner falls under the standard. Id. Several factors are relevant in determining whether a defendant applied force in good faith or for purposes

of causing harm, including the need for force, the amount of force used, the threat reasonably perceived by the officer, efforts made to temper the severity of the force, and the extent of the injury caused by the force. Forrest, 620 F.3d at 744-45 (quoting Lewis, 581 F.3d at 477).

As can be seen, the court has recounted the allegations contained in plaintiff's complaint in detail. From plaintiff's own words, it is clear that the force used against him was not malicious or sadistic, but rather was done in an effort to maintain or restore discipline. As such, plaintiff may have a right to be upset about the circumstances, but he has no constitutional claim.

The plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. See House v. Belford, 956 F.2d 711, 720 (7th Cir. 1992) (quoting Williams v. Faulkner, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. Neitzke v. Williams, 490 U.S. 319 (1989)).

## ADDITIONAL MATTERS

On January 10, 2011, the plaintiff filed a motion to consolidate this case with Case No. 10-cv-997, which is also before this court. However, the complaint in that case shall be dismissed as of this date for failure to state a claim and, therefore, the plaintiff's motion is moot.

On January 10, 2011, the plaintiff filed a motion for leave to file an amended complaint to include allegations he failed to mention previously. According to the plaintiff, Cpt. Besina was present at the ordeal with Monica Hoff and Jim Kaiser, when the plaintiff was verbally abused, but Besina failed to intervene. The plaintiff further states that defendant Besina has engaged in unethical practices "which harasses plaintiff as well as violates numerous rights" and he will produce documentation of the defendants' poor work ethics. However, "simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny

a prisoner equal protection of the law." DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000); see also Dobbey v. Ill. Dep't of Corr., 574 F.3d 443 (7th Cir. 2009). The plaintiff's proposed amendment does not state a claim and therefore it would be futile to allow him to amend the complaint.

On January 21, 2011, the plaintiff an motion for injunction/temporary restraining order to enjoin the defendants from "harassing, taunting, cell searches, illegal seizures, teasing, threats, unfair due process procedures, lying, and any other acts the court deems fit." He further requests that the court restrain the defendants from "carrying OC spray, handcuffs, RIPP belt, harassing, taunting plaintiff's person or verbal abuse, mental abuse, stay 15 feet from plaintiff." However, based on the dismissal of the complaint for failure to state a claim, this motion is also moot.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #3) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to consolidate cases (Docket #10) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to file amended complaint (Docket #15) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for injunction/temporary restraining order (Docket #17) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Kenosha County Sheriff or his designee shall collect from the plaintiff's prison trust account the $344.50 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the Kenosha County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin this <u>16th</u> day of February, 2011.

BY THE COURT

s/AARON E. GOODSTEIN
United States Magistrate Judge